

**GUARDIAN**

The Guardian
Insurance & Annuity
Company, Inc.

Customer Service Office:
P.O. Box 26210
Lehigh Valley, PA 18002-6210

Executive Office:
7 Hanover Square
New York, NY 10004

Dear Contractowner,

We are pleased to welcome you to The Guardian family. Thank you for choosing The Guardian Investor Retirement Asset Manager variable annuity for your long-term financial program.

The Guardian Investor is issued by The Guardian Insurance & Annuity Company, Inc. (GIAC), a wholly owned subsidiary of The Guardian Life Insurance Company of America (Guardian Life). Both GIAC and Guardian Life have consistently received excellent ratings for financial strength or claims-paying ability from the four major independent rating agencies. Although these ratings do not apply to The Guardian Investor's underlying investment options, which are subject to the risks of investing in securities, they do reflect GIAC's ability to guarantee the contract's Fixed-Rate Option and pre-retirement death benefits. We are proud of both GIAC's and Guardian Life's ratings because they reflect our commitment to a prudent management philosophy which places the interests of our contractowners first.

We are equally committed to quality customer service. Through our automated telephone service you can receive the current total account value and investment option balances of your contract virtually 24 hours a day, seven days a week. Call **1-800-221-3253** and press 1 after the greeting. Please have your contract number and Social Security or tax ID number available when you call. If you would prefer to speak to one of our Customer Service Representatives, they are available from 8:30 a.m. to 7:00 p.m. Eastern Time, Monday through Friday.

If you have any questions about your contract, please call your Registered Representative who will be pleased to help you. We look forward to a long and rewarding association as we strive to serve your financial needs in the years to come.

Sincerely,

Bruce C. Long
President

86

EXHIBIT 3                    210197866

## Notice of Non-Coverage
## California Life and Health Insurance Guarantee Association Act

### This policy is NOT covered by The California Life and Health Insurance Guarantee Association

### EXCLUSIONS FROM COVERAGE

The following are not covered by the California Life and Health Insurance Guarantee Association:

- Unallocated annuity contracts; that is, contracts which are not issued to and owned by individuals and which guarantee rights to group contract holders, not individuals;
- Employer and association plans, to the extent they are self-funded or uninsured;
- Synthetic guaranteed interest contracts;
- Any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;
- Any policy of reinsurance unless an assumption certificate was issued;
- Interest rate yields that exceed an average rate;
- Any portion of a contract that provides dividends or experience rating credits.

A determination as to whether an insurance contract is covered under the Guarantee Association or whether an annuity contract is allocated or unallocated must initially be made by the insurer based on its knowledge of the specific contract offered.

Also, you are not protected by this Association if:

- The insurer was not authorized to do business in this state when it issued the policy or contract;
- The policy is issued by a health care service plan (HMO), Blue Cross, Blue Shield; a charitable organization, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company, an insurance exchange, or a grants and annuities society;
- You are eligible for protection under the laws of another state. This may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live outside that state.

Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the Guarantee Association to induce you to purchase any kind of insurance policy.

If you have questions concerning this Notice, you may contact

California Life and Health Insurance
Guarantee Association
P.O. Box 17319
Beverly Hills, CA 90209-3319
(323) 782-0182

or

Consumer Service Division
California Department of Insurance
300 South Spring Street
Los Angeles, CA 90013
(800) 927-4357 or (213) 897-8921

Questions as to specific policies or annuities should be directed to the insurance company offering the product.

96-GIAC-CA-VAR

87

210197866

## EXHIBIT 3

# CALIFORNIA LIFE AND HEALTH INSURANCE GUARANTEE ASSOCIATION ACT
## SUMMARY DOCUMENT AND DISCLAIMER

Residents of California who purchase life and health insurance and annuities should know that the insurance companies licensed in this state to write these types of insurance are members of the California Life and Health Insurance Guarantee Association ("CLHIGA"). The purpose of this Association is to assure that policyholders will be protected, within limits, in the unlikely event that a member insurer becomes financially unable to meet its obligations. If this should happen, the Guarantee Association will assess its other member insurance companies for the money to pay the claims of insured persons who live in this state and, in some cases, to keep coverage in force. The valuable extra protection provided through the Association is not unlimited, as noted in the box below, and is not a substitute for consumers' care in selecting insurers.

The California Life and Health Insurance Guarantee Association may not provide coverage for this policy. If coverage is provided, it may be subject to substantial limitations or exclusions, and require continued residency in California. You should not rely on coverage by the Association in selecting an insurance company or in selecting an insurance policy.

Coverage is NOT provided for your policy or any portion of it that is not guaranteed by the insurer or for which you have assumed the risk, such as a variable contract sold by prospectus.

Insurance companies or their agents are required by law to give or send you this notice. However, insurance companies and their agents are prohibited by law from using the existence of the Guarantee Association to induce you to purchase any kind of insurance policy.

Policyholders with additional questions should first contact their insurer or agent or may then contact:

California Life and Health Insurance
Guarantee Association
P.O. Box 17319
Beverly Hills, CA  90209-3319

or

Consumer Service Division
California Department of Insurance
300 South Spring Street
Los Angeles, CA  90013

Below is a brief summary of this law's coverages, exclusions and limits. This summary does not cover all provisions of the law; nor does it in any way change anyone's rights or obligations under the Act or the rights or obligations of the Association.

## COVERAGE

Generally, individuals will be protected by the California Life and Health Insurance Guarantee Association if they live in this state and hold a life or health insurance contract, or an annuity, or if they are insured under a group insurance contract, issued by a member insurer. The beneficiaries, payees or assignees of insured persons are protected as well, even if they live in another state.

(please turn over)

88

210197866



## EXCLUSIONS FROM COVERAGE

However, persons holding such policies are not protected by this Guarantee Association if:

- Their insurer was not authorized to do business in this state when it issued the policy or contract;
- Their policy was issued by a health care service plan (HMO), Blue Cross, Blue Shield, a charitable organization, a fraternal benefit society, a mandatory state pooling plan, a mutual assessment company, an insurance exchange, or a grants and annuities society;
- They are eligible for protection under the laws of another state. This may occur when the insolvent insurer was incorporated in another state whose guaranty association protects insureds who live outside that state.

The Guaranty Association also does not provide coverage for:

- Unallocated annuity contracts; that is, contracts which are not issued to and owned by an individual and which guarantee rights to group contract holders, not individuals;
- Employer and association plans, to the extent they are self-funded or uninsured;
- Synthetic guaranteed interest contracts;
- Any policy or portion of a policy which is not guaranteed by the insurer or for which the individual has assumed the risk, such as a variable contract sold by prospectus;
- Any policy of reinsurance unless an assumption certificate was issued;
- Interest rate yields that exceed an average rate;
- Any portion of a contract that provides dividends or experience rating credits.

## LIMITS ON AMOUNT OF COVERAGE

The Act limits the Association to pay benefits as follows:

## LIFE AND ANNUITY BENEFITS

- 80% of what the life insurance company would owe under a life policy or annuity contract up to
  - $100,000 in cash surrender values,
  - $100,000 in present value of annuities, or
  - $250,000 in life insurance death benefits.
- A maximum of $250,000 for any one insured life no matter how many policies and contracts there were with the same company, even if the policies provided different types of coverages.

## HEALTH BENEFITS

- A maximum of $200,000 of the contractual obligations that the health insurance company would owe were it not insolvent. The maximum may increase or decrease annually based upon changes in the health care cost component of the consumer price index.

## PREMIUM SURCHARGE

Member insurers are required to recoup assessments paid to the Association by way of a surcharge on premiums charged for health insurance policies to which the Act applies.

96-GUAR-CA

EXHIBIT 3



**GUARDIAN**

7 Hanover Square
New York, NY 10(

# THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC.

## SPECIAL NOTICE FOR CALIFORNIA POLICYHOLDERS

If you should have a question about your contract or policy from The Guardian Insurance & Annuity Company, Inc. (GIAC), please contact us at the following address:

**Regular Mail**
The Guardian Insurance & Annuity Company, Inc.
Variable Products Administration
P.O. Box 26210
Lehigh Valley, Pennsylvania 18002-6210

**Express Mail**
The Guardian Insurance & Annuity Company, Inc.
Variable Products Administration
3900 Burgess Place
Bethlehem, Pennsylvania 18017

**Telephone**
1-800-221-3253

If you are not satisfied after contacting GIAC, you may contact the California Department of Insurance at the following address:

California Department of Insurance
Consumer Services Division
300 South Spring Street
Los Angeles, California 90013
Telephone No. 1-(800)-927-4357

95-CA (GIAC)

EXHIBIT 3

90

## IMPORTANT

YOU HAVE PURCHASED A VARIABLE ANNUITY CONTRACT. CAREFULLY REVIEW IT FOR LIMITATIONS.

THIS CONTRACT MAY BE RETURNED WITHIN 10 DAYS FROM THE DATE YOU RECEIVED IT. DURING THAT 10-DAY PERIOD, YOUR MONEY WILL BE PLACED IN A MONEY-MARKET FUND, UNLESS YOU DIRECT THAT THE PREMIUM BE INVESTED IN A STOCK OR BOND PORTFOLIO UNDERLYING THE CONTRACT DURING THE 10-DAY PERIOD. IF YOU DO NOT DIRECT THAT THE PREMIUM BE INVESTED IN A STOCK OR BOND PORTFOLIO, AND IF YOU RETURN THE CONTRACT WITHIN THE 10-DAY PERIOD, YOU WILL BE ENTITLED TO A REFUND OF THE PREMIUM AND CONTRACT FEE. IF YOU DIRECT THAT THE PREMIUM BE INVESTED IN A STOCK OR BOND PORTFOLIO DURING THE 10 DAY PERIOD, AND IF YOU RETURN THE CONTRACT DURING THAT PERIOD, YOU WILL BE ENTITLED TO A REFUND OF THE ACCUMULATION VALUE OF THE CONTRACT ON THE DAY THE CONTRACT IS RECEIVED BY GIAC OR AGENT WHO SOLD YOU THIS CONTRACT, WHICH COULD BE LESS THAN THE PREMIUM YOU PAID FOR THE CONTRACT. A RETURN OF THE CONTRACT AFTER 10 DAYS MAY RESULT IN A SUBSTANTIAL PENALTY, KNOWN AS A SURRENDER CHARGE OR A CONTINGENT DEFERRED SALES CHARGE.

04-CA60+VA

91

EXHIBIT 3



**GUARDIAN**

The Guardian .
Insurance & Annuity
Company, Inc.

P.O. Box 26210
Lehigh Valley, PA 18002-6210

3900 Burgess Place
Bethlehem, PA 18017
1-800-221-3253

**IMPORTANT NOTE:** This form, after it has been properly recorded at the Executive Office, should be securely attached to the policy/contract.

## NOTICE OF CHANGE OF NAME OR OWNER OR DESIGNATION OF BENEFICIARY

POLICY/CONTRACT NO. (S) **2 101 97 866**                     ISSUED ON THE LIFE OF **Gerda M. Camilli**

**A. CHANGE OF NAME.**
The owner and/or Annuitant request(s) that based upon the attached copy of legal document, a change in name be made as follows:
☐ Annuitant's Name to:                              ☐ Owner's Name to:

**B. CHANGE OF OWNER.**
The owner requests that ownership of the above-numbered policy(ies)/contract(s) be changed as follows:

| NAME | IRS NUMBER* | RELATIONSHIP TO ANNUITANT/INSURED | DATE OF BIRTH (Must be at least age 15) |
|---|---|---|---|
| 1) Primary Owner(s) | | | |

**NOTE:** For annuity contracts, joint ownership is permitted only if proposed owners are married and if the ownership designation is Joint Tenants With Right Of Survivorship.

If the proposed Primary Owner is a corporation, indicate date and place of incorporation and names and home addresses of two principal officers. If a partnership, names and home addresses of all partners.

2) Owner Upon Death of Primary Owner

**C. BILLING NOTICES.**
Send billing notices to proposed Primary Owner at

(If contract is not to be billed, leave blank)

**NOTE:** If Joint Primary Owners are designated, billing notices will be addressed to all of them and sent to the first named unless the Company is otherwise instructed.

**D. DESIGNATION OF BENEFICIARY.**
The beneficiary designation under the contract(s) shall be as follows, all prior designations of beneficiary and modes of settlement thereunder being revoked.

| NAME | IRS NUMBER* | RELATIONSHIP TO ANNUITANT/INSURED | DATE OF BIRTH |
|---|---|---|---|
| 1) Primary Beneficiaries **Philipp Untevrnann** | | **nephew** | **7-8-73** |

2) Beneficiary(ies) to receive payment if no beneficiary is living at the Annuitant/Insured's death
**secondary** Annuitant's **grand Untermann ( grand nied )**
☐ Pay the share of a deceased child aforesaid of an Annuitant/Insured equally to the then living children of such child. (This provision is applicable only if box is checked and takes precedence over any beneficiary designated in a higher numbered sequence.)

**E. SPECIAL INSTRUCTIONS.** _Fiona Untermann is daughter of Philipp U._

**F. THE EXECUTIVE OFFICE IS AUTHORIZED TO MAKE ANY CLARIFYING STATEMENTS.**
The General Provisions printed or written by the company on the reverse side are part of this request.

Under penalties of perjury, I certify that (a) the Social Security number or Tax Identification Number (IRS number) shown on this form above is my correct number and (b) that I am not subject to backup withholding either because I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or the Internal Revenue Service has notified me that I am no longer subject to backup withholding.

DATE **Nov. 4 2002**

(CORPORATE SEAL)                           OWNER'S SIGNATURE _Gerda M. Camilli_

JOINT OWNER'S SIGNATURE

PROPOSED NEW OWNER'S SIGNATURE (if applicable)

ANNUITANT'S SIGNATURE (Name change only)

PROPOSED NEW JOINT OWNER'S SIGNATURE (if applicable)

This is to certify that this notice of Change of Name/Owner and Designation of Beneficiary has been recorded at the Executive Office of the Company.
The Guardian Insurance & Annuity Company, Inc.

_Helen Neubauer 11/10/02_
CHANGE REGISTRAR

SECRETARY

GUO-47 (12/99)

(SEE REVERSE FOR NOTARIAL ACKNOWLEDGMENT)
● FIRST COPY - EXECUTIVE OFFICE ● SECOND COPY - CONTRACT OWNER ● THIRD COPY - AGENCY

# EXHIBIT 4

92

*Law Offices of*

## John G. Clark

*1201 Howard Avenue, Suite 202*
*Burlingame, California 94010-4227*
*Tel: (650) 685-6660 • Fax (650) 685-6664*

April 4, 2007

04/20/07 09:33:56
GIAC VPA mfz

Guardian Insurance & Annuity Company, Inc.
PO Box 26210
Lehigh Valley, PA 18002

Re:    Annuitant: Gerda M. Camilli/Gerda Molly Camilli (SSN: 4539 last digits)
Contract Nos. 210176527 and 210197866

Dear Gentlepersons:

This Letter constitutes Joint Instructions executed by Diane R. Abraham, Successor Trustee of the Dolph L. Camilli Bypass Trust and William H. Shea, Jr., Successor Trustee of the Gerda M. Camilli Survivor Trust together with the below described documents pertinent to the requested liquidation and distribution for the above referenced accounts:

1.    Certified Order to Confirm That Certain Community Property Assets Are Included In The Trust Estate of the Dolph L. Camilli and Gerda M. Camilli Revocable Living Trust UDT February 11, 1997 as Amended And To Fund The Gerda M. Camilli Survivor Trust and Dolph L. Camilli Bypass Trust.

2.    Certified death certificate for Dolph L. Camilli

3.    Certified death certificate for Gerda M. Camilli

4.    W-9 Form for the Dolph L. Camilli Bypass Trust

5.    W-9 Form for the Gerda M. Camilli Survivor Trust

The two referenced accounts represent annuities which were in the name of Gerda M. Camilli or Gerda Molly Camilli and whether she had designated beneficiaries is unknown. Please note under Section 3 of the "Wherefore" clause of the enclosed certified order that all beneficiary designations have been ordered by the court terminated and have no force and effect and that further under Section 5, the non-cash funds are to be liquidated and distributed in equal shares respectively to Diane R. Abraham, Successor Trustee of the Dolph L. Camilli Bypass Trust and William H. Shea, Jr., Successor Trustee of the Gerda M. Camilli Survivor Trust.

The EIN for the Dolph L. Camilli Bypass Trust is 94-6739304 and the EIN of the Gerda M.

93

# EXHIBIT 5

Guardian Insurance & Annuity Company, Inc.
April 4, 2007
Page 2

Camilli Survivor Trust is 20-7095692.  The mailing address for each Successor Trustee is listed
below:

<u>Diane R. Abraham</u>

c/o John G. Clark

Attorney at Law

1201 Howard Avenue, Ste. 202

Burlingame, CA 94010

650/685-6660

<u>William H. Shea Jr.</u>

c/o Mario G. Paolini, Jr.

Attorney at Law

4657 Mission Street

San Francisco, CA 94112

415/586-3600

Further, it would be appreciated if you would provide (a), if applicable, for each distribution
a statement of the taxable amount of any of the proceeds and (b) a copy of the form 1099 for the
calendar years 2005 and 2006 for each of the accounts to allow for a tentative calculation of the
fiduciary taxes which will be owing and due.  Lastly, if there is a particular account termination
form which your entity requires in addition to the enclosed documents, please forward them
respectively to the Successor Trustees at the indicated address for completion and return.

If there are any questions, it would be appreciated if they would be funneled to either of the
attorneys for the referenced Successor Trustees with a call to the number provided.

Thank you for your consideration of this matter.

Very truly yours,

Diane R. Abraham
Successor Trustee of the
Dolph L. Camilli Bypass Trust

William H. Shea, Jr.
Successor Trustee of the
Gerda M. Camilli Survivor Trust

JGC/mab
encl.

04/20/07 09:33:59
GIAC VPA mfz

94

# EXHIBIT 5

*were we served*
*were all bequeathed*
*any protection*

**FILED**
SAN MATEO COUNTY

NOV 17 2006

Clerk of the Superior Court
By _____
DEPUTY CLERK

1  JOHN G. CLARK (STATE BAR NO. 35584)
2  Attorney at Law
   1201 Howard Avenue, Ste. 202
3  Burlingame, CA 94010-4227
   Phone: (650) 685-6660
4  Facsimile: (650) 685-6664

5  Attorney for Diane R. Abraham, Successor Trustee
   of the Dolph L. Camilli Bypass Trust (Trust B)
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF SAN MATEO

9
                                              04/20/07 09:34:24
10                                            GIAC UPA mfz

11 The Dolph L. Camilli and Gerda M. Camilli )  CASE NO: 115210
   Revocable Living Trust Dated February 11, )
12 1997, as Amended                          )  ORDER TO CONFIRM THAT CERTAIN
                                             )  COMMUNITY PROPERTY ASSETS ARE
13 Diane R. Abraham, Successor Trustee of the )  INCLUDED IN THE TRUST ESTATE OF THE
   Dolph L. Camilli Bypass Trust (Trust B),  )  DOLPH L. CAMILLI AND GERDA M. CAMILLI
14                                           )  REVOCABLE LIVING TRUST UDT
                    Petitioner               )  FEBRUARY 11, 1997, AS AMENDED AND TO
15                                           )  FUND THE GERDA M. CAMILLI SURVIVOR
         vs.                                 )  TRUST AND DOLPH L. CAMILLI BYPASS
16                                           )  TRUST
   Gerda M. Camilli, Deceased and William H. )
17 Shea, Jr., Successor Trustee of the Gerda M.)  Date of Hearing: November 17, 2006
   Camilli Survivor Trust,                   )  Time: 9am
18                                           )  Department: 14
                    Respondents              )  The Honorable Rosemary Pfeiffer, Judge Presiding
19                                           )  Date Petition Filed: October 2, 2006

20

21      The verified Petition of Diane R. Abraham, the duly appointed, qualified, and acting Successor

22 Trustee of the Dolph L. Camilli Bypass Trust established under the Dolph L. Camilli and Gerda M. Camilli

23 Revocable Living Trust UDT February 11, 1997, As Amended (hereafter for convenience "the Trust") for

24 an Order directing that certain community property assets of Dolph L. Camilli and Gerda M. Camilli in

25 existence on the death of Gerda M. Camilli are part of the Trust Estate of the Trust and are to be funded in

26 equal shares to the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust came on

27 regularly for hearing by the Court on November 17, 2006.

28      The Court finds from satisfactory proof and good cause shown:

Case No. 115210: Order to Confirm that Certain Community Property...    1

95

# EXHIBIT 6

1.  Notice of the time and place of the hearing was given as required by law.

2.  All interested persons in the above referenced matter were duly served by mail with a copy of the referenced Petition.

3.  Dolph L. Camilli and Gerda M. Camilli who were husband and wife established the Trust on February 11, 1997 and thereunder were the Co-Trustors and Co-Trustees during their joint lifetimes. The Trust contained a Declaration of Intent executed by the Co-Trustors whereunder they declared that as the Co-Trustees under the Trust may hold in the name of themselves but without further reference to their fiduciary capacity certain assets consisting, in part, of motor vehicles, bank accounts, securities, bonds, and other personal property of any kind in their names or in either of their name and such assets shall and will belong to the Trust and not to either of them individually and that they have no personal interest in such items with the intent that the Declaration constituted an affirmation of Trust ownership and an assignment to the Trust and shall be binding on their heirs, administrators, executors and assigns.

4.  Under Section 3.03 to and inclusive of Section 3.09 of Article Three, the Trust provided, in part, that on the first of the Trustors to die, the community property assets of the Trust Estate under the Trust then in existence shall be divided int two equal shares by the Successor Trustee; one share designated as the Survivor's Trust A and the other share designated as the Decedent's Marital Trust, Trust B. The Trust further provided a share for the Decedent's Marital Share, Trust C for the surplus of one half of the community property necessary to allow for the full unified credit but Trust C was not necessary for the total of the community property values at the time of the death of the first trustor was not in excess of the unified credit.

5.  On October 21, 1997, Dolph L. Camilli died and on May 1, 2005, Gerda M. Camilli died. Under the terms and conditions of the Trust; Section 1.03 of Article One, Gerda M. Camilli became the sole Successor Trustee of the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust and assumed her trusteeship on such date and maintained such trusteeship until the time of her death.

6.  The administration of the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust were and are conducted in the County of San Mateo, State of California.

7.  Gerda M. Camilli as the sole Successor Trustee executed and filed a United States Estate Tax Return (Form 706) for the estate of Dolph L. Camilli in which all assets reported were declared to be the

04/20/07 09:34:32
6IAC VPA mfz

# EXHIBIT 6

96

community property of Dolph L. Camilli and Gerda M. Camilli.  Such community property assets as reported under this Estate Tax Return are set forth below:

Real Estate

04/20/07 09:34:36.
BIAC UPA wfz

**Stocks and Bonds**

| Item | Description | Community Value Reported | Decedent's Half Interest |
|---|---|---|---|
| 1. | 2831 Hacienda Street, San Mateo, CA 94403 | $460,000 | |
| 2. | Less: Surviving Spouse's Community Property Interest | $230,000 | $230,000 |

**Stocks and Bonds**

| Item | Description | Community Value Reported | Decedent's Half Interest |
|---|---|---|---|
| 1.√ | Barclays Bank PLC ADR UT SER D; 400 shares | $11,600 | |
| 2.√ | Boeing Corp.; 100 shares | $5,400 | |
| 3. | Brandywine Fund; A/C 017-016-1600559680; 894.2 shares | $39,631 | |
| 4.√ | Chase Manhattan Corp.; 150 shares | $18,544 | |
| 5.√ | Coca Cola Corp.; 150 shares | $9,000 | |
| 6.√ | Freeport McMoran Res Ptn; 200 units | $2,150 | |
| 7. | Intel Corp.; 40 shares | $3,405 | |
| 8.√ | JP Morgan & Co.; 150 shares | $18,375 | |
| 9.√ | Mesitrust Paired SBI; 850 shares | $37,081 | |
| 10.√ | Worldcom Inc.; 294 shares | $10,400 | |
| 11. | Less: Surviving Spouse's Community Property Interest | $77,793 | $77,793 |

**Mortgages, Notes, and Cash**

| Item | Description | Community Value Reported | Decedent's Half Interest |
|---|---|---|---|
| 1.√ | World Savings; A/C 605521897 | $93,010 | |
| 2.√ | World Savings; A/C 600716732 | $20,812 | |
| 3. | Less: Surviving Spouse's Community Property Interest | $56,911 | $56,911 |

/////
/////

Case No. 115210; Order to Confirm that Certain Community Property...    3

9.7

**EXHIBIT 6**

04/20/07 09:34:43
BIAC UPA efz

**Annuities**

| Item | Description | Community Value Reported | Decedent's Half Interest |
|------|-------------|-------------------------|--------------------------|
| 1.√ | American Enterprise; A/C 99203859148 | $73,192 | |
| 2.√ | Northbrook Life; A/C 510-7146629 | $166,849 | |
| 3.√ | Northbrook Life; A/C 510-7219115 | $173,327 | |
| 4. | Less: Surviving Spouse's Community Property Interest | $206,684 | $206,684 |
| | Total | $1,142,776 | $571,388 |

8.   The above referenced assets which have a check mark were assets which were not discovered in the title, possession, custody or control of Gerda M. Camilli at her death. At the time of her death, the assets which were discovered in the title, possession, custody or control of Gerda M. Camilli are set forth under Paragraph 14 below and were in her name individually under the names of "Gerda M. Camilli", "Gerda Molly Camilli", or "Gerda Marianne Camilli", or "Gerda Camilli" and no such assets were in her name as "Trustee".

9.   Following the death of Dolph L. Camilli, Gerda M. Camilli did not receive any appreciable assets by inheritance or gift. Gerda M. Camilli through liquidation of the community property assets described under Paragraph 7 above, in part, which were not in her title, possession, custody or control at her death acquired certain other assets with the proceeds. Such remaining assets delineated as community property on the death of Dolph L. Camilli and described in Paragraph 7 above and the thereafter acquired assets are set forth under Paragraph 14 below.

10.   As prescribed by applicable sections of the California Probate Code; namely, Sections 16000, 16004, and 16009, there were certain statutorily imposed duties upon Gerda M. Camilli as the sole Successor Trustee; namely (a) to administer the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust according to the terms and conditions of the Trust; (b) to not use or deal with the property of the Trust Estate for her own profit or for any other person unconnected with the Trust and to not take part in any transaction in which she had an adverse interest to any beneficiary; (c) to keep the assets of the Trust Estate separate from other property not subject to the Trust; and (d) to see that all Trust property was properly designated as part and parcel of the Trust Estate under the Trust.

11.   Gerda M. Camilli on the death of her spouse, Co-Trustor and Co-Trustee Dolph L. Camilli,

Case No. 115210; Order to Confirm that Certain Community Property...    4

98

# EXHIBIT 6

1  and for all periods thereafter as the sole Successor Trustee of the Gerda M. Camilli Survivor Trust and of

2  the Dolph L. Camilli Bypass Trust violated the duties above referenced in Paragraph 10 owed to her

3  deceased husband and to his beneficiaries under the Dolph L. Camilli Bypass Trust and to her beneficiaries

4  under the Gerda M. Camilli Survivor Trust by her conduct to have maintained all the assets which were to

5  be part of the Trust Estate of the Trust in her name individually which she fully acknowledged to be

6  community property and the same treatment for the acquired additional assets following the death of Co-

7  Trustor Dolph L. Camilli with the proceeds from the sale of certain community property assets and in

8  complete derogation of these fiduciary and statutorily imposed duties, she took title, possession, custody and

9  control of all of such assets in her individual name and not in her fiduciary capacity as the sole Successor

10 Trustee of the Dolph L. Camilli Bypass Trust, and the Gerda M. Camilli Survivor Trust. These imposed

11 duties for the treatment of the assets of the Trust Estate of the Trust on Gerda M. Camilli's acceptance of

12 the trusteeship as Successor Trustee of the Trust and Subtrusts were mandated independently of whether or

13 not during the joint lives of the Co-Trustors or during the life of the surviving Trustors any of the assets

14 described under Paragraph 7 were or were not registered under the Trust for under the Declaration of Intent

15 described in  Paragraph 3 above, the Trust provided that any assets held either in the joint names or

16 individual names of the Co-Trustees shall and will belong to the Trust and not to either of them individually

17 for they had no personal interest in any such items and the Trust constituted an affirmation of the Trust

18 ownership and assignment to the Trust.

19      12.     Under the appellate decision of Estate of Heggstad (1993) 16 Cal. App. 4th 943, and as

20 particularly referenced by the Declaration of Intent recited in Paragraph 3 above, a written declaration of

21 trust by an owner of real property in which he names himself as trustee is sufficient to create a trust in that

22 property and the law does not require a separate deed transferring the property to the trust and thereby, the

23 assets which were in the name with aliases of Gerda M. Camilli at the time of her death are properly part

24 of the Trust Estate of the Trust for there is no need for her to have a particular registration of such assets in

25 the name of Gerda M. Camilli as the sole Successor Trustee of the Trust.

26      13.     Under the terms and conditions of the Trust, Gerda M. Camilli as the sole Successor Trustee

27 was required to fund the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust with all

28 the community property assets of Dolph L. Camilli and Gerda M. Camilli and to thereafter administer the

Case No. 115210: Order to Confirm that Certain Community Property...    5

04/20/07 09:34:51
GIAC VPR ntz

99

# EXHIBIT 6

1  same as part and parcel of the Trust Estate of the Trust.

2      14.    The assets which were found in the various names above referenced of Gerda M. Camilli at

3  the time of her death and are now in existence are detailed below:

4      Securities: Name of Entity

5      (Values are of the date indicated)                    Acct. Number          Values

6  1.    American Funds                                     73706884        $126,676.60 (6/30/06)
7

8  2.    Bank of America                                    04271-06991       $26,236.28 (8/8/06)
9

10 3.    Brandywine Fund                                    1600701133       $50,973.94 (12/31/04)
11

12 4.    Guardian Insurance & Annuity Company, Inc.         210197866        $52,177.21 (9/25/06)
13

14 5.    Guardian Insurance & Annuity Company, Inc.         210176527        $515,217.42 (9/25/06)
15

16                                                    118 045891 015/
17 6.    Morgan Stanley DW Inc.                        118 045891 063        $164,294.14 (7/31/06)
18       Subtotal of Securities:                                                   $935,575.59

19                                                         04/20/07 09:34:56
20     Motor Vehicle                                       GIAC UPA wfz
21 7.    2004 Cadillac LP #5JAA823                                               $18,000.00
22

23     Total Values:                                                            $953,575.59

24      15.    As a direct and proximate result of the wrongful and fraudulent breaches of the statutory and

25 fiduciary duties of Successor Trustee Gerda M. Camilli, the heirs respectively under the Gerda M. Camilli

26 Survivor Trust and Dolph L. Camilli Bypass Trust as set forth below have been irreparably damaged and

27 under such circumstances, the assets described and detailed under Paragraph 14 above shall constitute part

28 of the Trust Estate of the Trust and to be funded in equal shares to the Gerda M. Camilli Survivor Trust and

   the Dolph L. Camilli Bypass Trust.

EXHIBIT 6                                                        100

04/20/07 09:35:01
GIAC UPA mfx

16.     As a direct and proximate result of the principles of the appellate decision of the Estate of Heggstad cited above and as particularly provided by the Declaration of Intent set forth in Paragraph 3 above, Gerda M. Camilli albeit having died in possession and title of all assets described under Paragraph 14 above, in actuality all of said property and its right, title, interest and estate belong to the Trust Estate of the Trust. In accordance with Probate Code Sections 850(a)(2)(C) and 17200.1, any right, title, interest and estate which the sole Successor Trustee under the Trust; that being Gerda M. Camilli, had at the time of her death pertinent to the assets described under Paragraph 14 above, such actually belong to her only in her fiduciary capacity under the Trust and all right, title, interest and estate of Gerda M. Camilli in such assets should be returned to the now acting Successor Trustee of the Dolph L. Camilli Bypass Trust; that being the Successor Trustee Diane R. Abraham and to the now acting Successor Trustee of the Gerda M. Camilli Survivor Trust; that being Successor Trustee William H. Shea, Jr.

17.     The restoration of all right, title, interest and estate of the sole Successor Trustee Gerda M. Camilli to the assets described under Paragraph 14 above to the Trust Estate of the Trust is not in derogation of any interest held under the beneficiaries of her Will for Gerda M. Camilli executed her Will on the same date of the execution of the Trust but such instrument is merely a testamentary pourover device providing that the residue of the estate is to be distributed to the Trustee under the Trust which in effect would simply mean that if there were to be a probate, which is found to be unnecessary and inappropriate, the same consequence would result for under the probate administration, all right, title, interest and estate of the assets described in Paragraph 14 above would be distributed to these named Successor Trustees of the Dolph L. Camilli Bypass Trust and the Gerda M. Camilli Survivor Trust.

18.     Under the terms of the Trust, the distribution of the assets which are subject to inclusion within the Trust Estate at the death of Co-Trustor Gerda M. Camilli are as follow:

    (1)    Distribution Plan under Gerda M. Camilli Survivor Trust (2nd Amendment to Trust, dated 6/9/2004): Carla M. Untermann - 35%; Philip Untermann - 35%; SPCA of San Mateo - 30%

    (2)    Distribution Plan under Dolph L. Camilli Bypass Trust (First Amendment to Trust dated 5/14/1997): Carla M. Untermann - 22%; Richard L. Camilli - 13%; Dolph F. Camilli - 13%; Diane R. Abraham - 13%; Douglas J. Camilli - 13%; Joanne L.

Case No. 115210; Order to Confirm that Certain Community Property...     7

EXHIBIT 6

101

1    Griggs - 13%; and Bruce P. Camilli - 13%.

2        WHEREFORE, under the above stated findings and other good cause shown, IT IS HEREBY

3    ORDERED:

4        1.    Notice of the hearing under the referenced Petition has been given as prescribed by law and

5    no exceptions or objections have been filed or presented.

6        2.    The assets detailed below shall constitute the Trust Estate of the Dolph L. Camilli and Gerda

7    M. Camilli Revocable Living Trust UDT 2/11/1997, As Amended and shall fund in equal shares the Trust

8    Estates, respectively, of the Gerda M. Camilli Survivor Trust and the Dolph L. Camilli Bypass Trust:

| | Name of Entity | Acct. Number |
|---|---|---|
| 1. | American Funds | 73706884 |
| 2. | Bank of America | 04271-06991 |
| 3. | Brandywine Fund | 1600701133 |
| 4. | Guardian Insurance & Annuity Company, Inc. | 210197866 |
| 5. | Guardian Insurance & Annuity Company, Inc. | 210176527 |
| 6. | Morgan Stanley DW Inc. | 118 045891 015/ |
| | | 118 045891 063 |
| | Motor Vehicle | 04/20/07  09:35:05 |
| 7. | 2004 Cadillac LP #5JAA823 | GIAC UPA mfz |

24        3.    The designation of any beneficiary by Gerda M. Camilli, aliases known, to any of the above

25    referenced accounts and/or funds and/or annuities is hereby deemed terminated and revoked and any such

26    beneficiary is deemed to have no right, title, interest and estate in any such accounts and/or annuities and/or

27    funds held under such account.

28        4.    All right, title, interest and estate presently held of the above described assets in the name of

Gerda M. Camilli or Gerda Molly Camilli or Gerda Marianne Camilli or Gerda Camilli or any other name

Case No. 115210; Order to Confirm that Certain Community Property...      8

EXHIBIT 6                                                                              102

1   employed for Gerda Marianne Camilli shall constitute an asset of the Trust Estates and title to such assets

2   shall hereby be vested in the name of Diane R. Abraham as Successor Trustee of the Dolph L. Camilli

3   Bypass Trust to an undivided one half (50%) interest and in the name of William H. Shea, Jr. as Successor

4   Trustee of Gerda M. Camilli Survivor Trust to an undivided one half (50%) interest.

5       5.      The agents, representatives, or employees of each of the above designated entities holding

6   funds for any account in the name of Gerda M. Camilli or Gerda Molly Camilli or Gerda Marianne Camilli

7   or Gerda Camilli or any other name employed for Gerda Marianne Camilli upon presentation of a certified

8   copy of the herein Order and letter of joint instructions executed by Diane R. Abraham, Successor Trustee

9   of the Dolph L. Camilli Bypass and William H. Shea, Jr., Successor Trustee of Gerda M. Camilli Survivor

10  Trust shall convert to cash all securities, annuities, bonds or other non-cash funds and pay over all resulting

11  cash in each of the particular above referenced accounts in equal shares to said Successor Trustees who shall

12  thereupon on receipt hold such funds/cash subject to administration fees, taxes and other appropriate charges

13  for distribution in accordance with the designated beneficiaries of the Dolph L. Camilli Bypass Trust and

14  the Gerda M. Camilli Survivor Trust.

15      6.      Diane R. Abraham, Successor Trustee of the Dolph L. Camilli Bypass Trust and William H.

16  Shea, Jr., Successor Trustee of the Gerda M. Camilli Survivor Trust are authorized to execute any and all

17  documents and do all of the acts necessary and appropriate to carry out the terms and conditions of this

18  Order.

19

20  Dated: November 17, 2006

21

22                                          JUDGE OF THE SUPERIOR COURT

23

24                                          04/20/07 09:35:09
                                            BIAC VPA mfz
25

26

27

28

Case No. 115210; Order to Confirm that Certain Community Property...      9

# EXHIBIT 6