BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE, State Bar No. 120002
E-Mail: dmaguire@bwslaw.com
KEIKO J. KOJIMA, State Bar No. 206595
E-Mail: kkojima@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, California 90071
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Plaintiff The Guardian Insurance and Annuity Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE GUARDIAN INSURANCE AND ANNUITY COMPANY, INC., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CARLA M. UNTERMANN, an individual; PHILLIP UNTERMANN, an individual; CHRIS CAMILLI, an individual; BRENDA CAMILLI, an individual; JOANNE L. GRIGGS, an individual; LISA CAMILLI, an individual; KATHLEEN BUTLER CAMILLI, an individual; RICHARD L. CAMILLI, an individual; DOLPH F. CAMILLI, an individual; DIANE R. ABRAHAM, an individual; DOUGLAS J. CAMILLI, an individual; BRUCE P. CAMILLI, an individual; SPCA OF SAN MATEO, CALIFORNIA, a business entity, form unknown; DIANE R. ABRAHAM, as Successor Trustee of the Dolph L. Camilli Bypass Trust; WILLIAM H. SHEA, JR., as Successor Trustee of the Gerda M. Camilli Survivor Trust; CHRIS CAMILLI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C 07 3557 CRB<br><br>**WAIVER OF SERVICE OF SUMMONS OF RICHARD CAMILLI** |

///

Attached as Exhibit "A" is the signed Waiver of Service of Summons of Richard Camilli.

DATED: April 3, 2008

DANIEL W. MAGUIRE
KEIKO J. KOJIMA
BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ *KEIKO J. KOJIMA*

KEIKO J. KOJIMA
Attorneys for The Guardian Insurance and Annuity Company, Inc

# WAIVER OF SERVICE OF SUMMONS

KEIKO J. KOJIMA, Attorney for The Guardian Ins. & Ann. Co., Inc
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, RICHARD CAMILLI , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of The Guardian Ins. & Ann. Co., Inc. v. Untermann et al.,
(CAPTION OF ACTION)

which is case number C 07 3557 CRB in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after March 28, 2008,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

4-2-08            /s/ Richard L. Camilli
(DATE)            (SIGNATURE)

Printed/Typed Name: RICHARD CAMILLI

As _____ of _____
   (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

**EXHIBIT A**

American LegalNet, Inc.
www.FormsWorkflow.com